# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAKE CHARLES DIVISION

GARY HALLER                                    CIVIL ACTION NO. 10-1456-LC

VS.
                                               SECTION "P"

                                               JUDGE MINALDI
GEO GROUP, ET AL                               MAGISTRATE JUDGE KAY

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint brought pursuant to 42 U.S.C. § 1983 and filed on September 16, 2010 by *pro se* plaintiff Gary Haller.  Doc. 1.  Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC).   He is incarcerated at Allen Correctional Center (ACC) in Kinder, Louisiana.

As defendants, plaintiff names the following: GEO Group, Inc., ACC Warden Terry Terrell, ACC Deputy Warden Sgt. Keith Cooley, GEO employee Ed Shirley, the estate of Tommy Davis, Captain Garnett, Linda Ramsey, and Louisiana's Department of Public Safety and Corrections.  *Id.*  As relief, plaintiff seeks an order that the prison's Administrative Remedy Program (ARP) process and the disciplinary rules be changed and that he be allowed to give notice to other inmates so they can join in the pending action.   Plaintiff also seeks compensatory and punitive damages.

In addition to the complaint, plaintiff filed a Request for Injunctive Relief on November 5, 2010 [doc. 4], seeking an order preventing the GEO Group, Inc., ACC Warden Terry Terrell, and Louisiana's Department of Public Safety and Corrections from transferring him out of ACC.   He

also asks the court to conduct an investigation into his complaints.   *Id.*

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

## STATEMENT OF THE CASE

In his complaint, plaintiff alleged that in June 2008, he filed an ARP complaining of harassment by a GEO employee.   Doc. 1.   As a result of filing the grievance, he claims that he received a rule violation report, and that on July 1, 2008, GEO employee Tommy Davis had him placed in administrative segregation.   *Id.*   Thereafter, plaintiff states that on July 5, 2008, Chris Worton and Ed Shirley interviewed him about his ARP.   *Id.*   He went before the disciplinary board (chaired by Capt. Garnett) on July 7, 2008, wherein he claims that he was denied the right to call witnesses and present evidence.   *Id.*   Plaintiff was found guilty of the violation (General Prohibited Behavior), resulting in a change of custody status and a 90 day suspended sentence of loss of 42 days canteen privileges.   *Id.*   He contends that Sgt. Keith Cooley directed the guilty verdict and the punishment.   *Id.*   Plaintiff's second step appeal of the decision was denied on October 9, 2008.   Plaintiff filed the present suit on September 16, 2010.

## LAW AND ANALYSIS

1. **Frivolity Review**

When a prisoner files a complaint in a civil action seeking redress from a governmental entity or officer or employee of a governmental entity, the district court is obliged to review the complaint as soon as is feasible and to dismiss the case if it determines that the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief

against a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A[1] & 1997e(c) (providing that a district court shall on its own motion or the motion of any party dismiss a complaint by a prisoner regarding prison conditions if the court is satisfied the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  *Nietzke v. Williams*, 490 U.S. 319, 325 (1989).  While district courts are required to construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under § 1915(e)(2)(B), they are, nonetheless, given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

"Where it is clear from the face of a complaint that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed," pursuant to § 1915(e)(2)(B).  *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993).  The applicable statute of limitation in a § 1983 action is the forum state's personal injury limitations period.  *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir.1998).  Therefore, the court applies LA. CIV. CODE ANN. art. 3492, which carries a limitations period of one year.  *See Elzy v. Roberson*, 868 F.2d 793, 794 (5th Cir. 1989).  While the period of limitations is provided by state law, federal law governs the determination of when a § 1983 action accrues.  *Jacobsen*, 133 F.3d at 319.  Under federal law, a § 1983 action accrues when plaintiff "becomes aware that he has suffered an injury or has

---

[1]  The screening provision of 28 U.S.C. § 1915A "applies regardless of whether the plaintiff has paid a filing fee or is proceeding *in forma pauperis*." *Ruiz v. United States*, 160 F.3d 273, 274-75 (5th Cir. 1998).  Mr. Rodriguez is not proceeding *in forma pauperis*.

sufficient information to know that he has been injured." *Helton v. Clements*, 832 F.2d 332, 335 (5th Cir. 1987).

In this case, plaintiff's complaint was signed on September 1, 2010 (it was received by the court and filed on September 16, 2010), some two years after the September 26, 2008 denial of his appeal of the July 7, 2008 disciplinary hearing. Giving plaintiff the benefit of equitable tolling while the appeal was pending, he had, at the very latest, until September 26, 2008 in which to file his complaint. Plaintiff's September 2008 complaint is clearly untimely and is barred by the statute of limitations and, therefore, is frivolous as a matter of law.

2. **Injunctive Relief/Temporary Restraining Order (T.R.O.)**

"An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable harm." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976). In order to be entitled to a temporary restraining order or a preliminary injunction, a litigant must demonstrate each of the following: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) the threatened injury outweighs any damage that the injunction will cause to the adverse party; and (4) the injunction will not have an adverse effect on the public interest. *Women's Med. Ctr. of Northwest Houston v. Bell*, 248 F.3d 411, 418-20 (5th Cir. 2001); *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).

Plaintiff is not entitled to a T.R.O. because he has not demonstrated a substantial likelihood of success on the merits. His desire to prevent his transfer from ACC is without regard as plaintiff does not have a protected liberty interest in where he is placed. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976) (in the absence of an appropriate state regulation a prisoner has no liberty interest

4

in residence in one prison or another).   Additionally, in regard to plaintiff's request that the defendants be investigated, the undersigned notes that such relief is not available through this complaint.   Such actions are within the province of the police department and district attorney's office of the parish were the alleged incidences took place.   The court's duty is to review the plaintiff's compliant for alleged violations of his constitutional rights, and not to act as a policeman for the plaintiff.   Thus, plaintiff has again failed to state a claim for which relief may be granted.

Further, plaintiff has failed to show that he has suffered or will suffer any harm as a result of this denial.   Plaintiff simply cannot prevail because he cannot demonstrate either a substantial likelihood of success on the merits or the probability of irreparable injury.

Therefore, **IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).

**IT IS ALSO RECOMMENDED** that plaintiff's request for injunctive relief/temporary restraining order request [doc. 4] should be denied.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal**

conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas*

*v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

      **THUS DONE AND SIGNED,** in chambers, in Lake Charles, Louisiana, this 22nd day of

February, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE